UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEISGRACIELOU, LLC, a California limited liability corporation,<br><br>                                   Plaintiff,<br><br>v.<br><br>MCBEE FARMS, L.C., a Missouri limited liability company,<br><br>                                   Defendant. | Case No.:  24cv1479-GPC(AHG)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>**[Dkt. No. 9.]** |

Before the Court is Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  (Dkt. No. 9.)  Plaintiff filed an opposition on October 25, 2024 and Defendant filed a reply on November 1, 2024.  (Dkt. Nos. 11, 13.)  Based on the reasoning below, the Court DENIES Defendant's motion to dismiss for lack of personal jurisdiction.

### Background

On August 20, 2024, Plaintiff Sheisgracielou, LLC ("Plaintiff") filed a complaint against Defendant McBee Farms, L.C. ("Defendant") for trademark infringement of its registered U.S. Trademark No. 7326145 ("'145 Mark") for the wordmark "COWBOY PILLOWS" for use on "Underwear: Bottoms as clothing; Tops as clothing."  (Dkt. No. 1,

Compl. ¶ 6.)  Plaintiff has sold clothing with the wordmark "COWBOY PILLOWS" since August 2022 and the U.S. Trademark Office registered the '145 Mark on March 12, 2024.  (*Id.*)

Defendant is a limited liability company organized and existing under the laws of the State of Missouri with its principal place of business in Missouri.  (*Id.* ¶ 5.) Defendant provides farming services and land cultivation services and sells farm-to-table products with an emphasis on meat.  (Dkt. No. 9-1 McBee Decl. ¶¶ 3-4.)  Defendant operates a website, www.mcbeefarms.com, where it promotes its television show and podcast and also promotes various brands, including a meat processing brand, a protein snacks brand and a custom home building brand.  (Dkt.  No. 11-1, Suhr Decl. ¶ 9.)

According to Defendant, it has evolved into a lifestyle brand and also sells apparel and merchandise to promote the main farming services including the COWBOY PILLOWS t-shirts.  (Dkt. No. 9-1, McBee Decl. ¶¶ 5, 6; *see also* Dkt.  No. 11-1, Suhr Decl. ¶ 9.)  Defendant's website has a "Merch" hyperlink that sells logo clothing and hats, including the infringing products.  (Dkt. No. 11-1, Suhr Decl. ¶ 9.)  Defendant's Instagram and Facebook social media accounts also include a link to its "Link Tree" which contains hyperlinks to Defendant's business with one of the hyperlinks to the "Merch" section of its website.  (*Id.* ¶ 10.)  Of the twenty-two (22) sales of the COWBOY PILLOWS t-shirts, five (5) sales were made to California addresses.  (Dkt. No. 9-1, McBee Decl. ¶ 8.)

According to the complaint, the sale of tank tops featuring the wordmark "COWBOY PILLOWS" with the same color schemes and fonts as the '145 Mark is causing a likelihood of consumer confusion.  (Dkt. No. 1, Compl. ¶¶ 8, 9, 10.)  The complaint alleges that Plaintiff and Defendant uses the same marketing channels and have significant overlap in their target audience.  (*Id.* ¶ 11.)

Plaintiff sent Defendant a demand letter informing Defendant that Plaintiff owns the '145 Mark and of Defendant's infringing conduct providing it with actual notice of Plaintiff's proprietary rights in the '145 Mark; therefore, its continued infringement is

24cv1479-GPC(AHG)

willful and wanton.  (*Id.* ¶¶ 12, 15.)  The demand letter requested that Defendant cease selling the infringing products but it refused.[1]  (*Id.* ¶ 2.)

On October 8, 2024, Defendant filed a motion to dismiss for lack of personal jurisdiction.  (Dkt. No. 9.)  Plaintiff filed an opposition on October 25, 2024, and Defendant replied on November 1, 2024.  (Dkt. Nos. 11, 13.)

## Discussion

### A.    Legal Standard on Federal Rule of Civil Procedure 12(b)(2)

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction."  *In re Western States Wholesale Natural Gas Antitrust Litig. v. Oneok, Inc.,* 715 F.3d 716, 741 (9th Cir. 2013). If the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss."  *Bryton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009).  The court inquires "whether [the plaintiff]'s pleadings and affidavits make a prima facie showing of personal jurisdiction."  *Dole Food Co. v. Watts, Inc*., 303 F.3d 1104, 1108 (9th Cir. 2002).  On a prima facie case, the court considers uncontroverted allegations in the complaint as true and the court resolves all contested facts in favor of the non-moving party.  *In re Western States Wholesale Nat. Gas Antitrust Litig*., 715 F.3d at 741; *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (*same)*.

"Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits."  *Marvix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1223 (9th Cir. 2011) (citations omitted).  California's long-arm statute is "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court."

---

[1] In its motion, Defendant claims it immediately removed the infringing products from its website when contacted by Plaintiff.  (Dkt. No. 9 at 4.)

*Republic Int'l Corp. v. Amco Eng'rs, Inc.,* 516 F.2d 161, 167 (9th Cir. 1976) (quoting *Threlkeld v. Tucker,* 496 F.2d 1101, 1103 (9th Cir. 1974)).  As such, the Court need only consider the requirements of due process.  Due process requires that nonresident defendants have "minimum contact" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Personal jurisdiction can be either "general" or "specific."  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984).  The parties dispute whether the Court has specific jurisdiction over Defendant, a Missouri limited liability company.  (Dkt. No. 1, Compl. ¶ 5; Dkt. No. 11 at 10[2]; Dkt. No. 13 at 2.)

## B.    Specific Jurisdiction

Specific jurisdiction exists when a case "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A.,* 466 U.S. at 414 n. 8.  The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore,* 571 U.S. 277, 284 (2014).  Specific jurisdiction is limited to ruling on "issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted).  "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the States." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal*, 137 S. Ct. 1771, 1781 (2017).  A court must look "to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285.  Therefore, "mere injury to a forum resident is not a sufficient connection to the forum." *Id.* at 290.  Rather, "an injury is jurisdictionally relevant only insofar as it shows that the

---

[2] Page numbers are based on the CM/ECF pagination.

24cv1479-GPC(AHG)

defendant has formed a contact with the forum State." *Id.*   Specifically, a court may exercise specific jurisdiction over a defendant only where "the defendant's suit-related conduct" "create a substantial connection with the forum [s]tate." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1022-23 (9th Cir. 2017) (quoting *Walden*, 571 U.S. at 284-85).

The Ninth Circuit conducts a three-prong test to determine whether a non-resident defendant is subject to specific personal jurisdiction,

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004) (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).  "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.*  If the plaintiff meets that burden, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

On the first prong, the Court applies the purposeful direction analysis for a trademark infringement claim.  *See Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090-91 (9th Cir. 2023) (applying purposeful direction for trademark infringement).

**1.    Purposeful Direction**

Under the first prong, the Ninth Circuit applies the purposeful direction test enunciated in *Calder v. Jones*, 465 U.S. 783 (1984).  *Schwarzenegger,* 374 F.3d at 802-03; *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017).

Under the three-part *Calder* "effects" test to evaluate purposeful direction, Plaintiff must establish that the defendant allegedly "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (citing *Calder*, 465 U.S. at 783).

Defendant does not dispute the first and third elements but argues that the second element, that it expressly aimed conduct at California, has not been satisfied because it did not expressly aim any conduct in this forum simply by operating an interactive website. (Dkt. No. 9 at 6-8.) It further claims it is engaged primarily in agricultural and farming services, not sales of clothing, and a few sales on its website that was only briefly active does not amount to expressly aiming conduct in this forum. (*Id.*) Further, of the total 22 sales nationwide, only five sales occurred in California but none in this district. (Dkt. No. 13 at 2-3.) Plaintiff responds that the number of sales does not impact whether Defendant expressly aimed its conduct at this forum, and selling clothing is its "means of conducting regular business." (Dkt. No. 11 at 12-13.)

In *Herbal Brands*, the Ninth Circuit explained that an interactive website, by itself, cannot establish expressly aiming. *Herbal Brands, Inc.*, 72 F.4th at 1091. "Otherwise, every time a seller offered a product for sale through an interactive website, the seller would be subjecting itself to specific jurisdiction in every forum in which the website was visible, whether or not the seller actually consummated a sale. That result would be too broad to comport with due process." *Id.* Instead, the Ninth Circuit held that operating a website along with "something more" demonstrating "conduct directly targeting the forum" satisfies the expressly aiming prong. *Id.* at 1092.

In *Herbal Brands*, the plaintiff, a manufacturer and distributor of health and wellness products sued the defendant for trademark infringement for making unauthorized sales of the plaintiff's products on Amazon. *Id.* at 1088. The Ninth Circuit held that "that if a defendant, in its regular course of business, sells a physical product via an interactive website and causes that product to be delivered to the forum, the defendant

'expressly aimed' its conduct at that forum." *Id.* at 1093. From this, it delineated two key elements that must be satisfied on the "expressly aimed" prong. "<u>First</u> the sales must occur as part of the defendant's regular course of business instead of being 'random isolated, or fortuitous.'" *Id.* at 1094 (emphasis in original). "<u>Second</u>, the defendant must exercise some level of control over the ultimate distribution of its products beyond simply placing its products into the stream of commerce." *Id.* (emphasis in original).

Here, by operating an interactive website targeting California and admittedly selling the infringing products and generating revenue from five online sales in California, Defendant has "expressly aimed" conduct at this forum. (Dkt. No. 11-1, Suhr Decl. ¶¶ 5, 6, 9; Dkt. No. 11-2, Sandidge Decl. ¶¶ 4-5.) Defendant used its website as a means of conducting regular business of selling t-shirts with the infringing product through the "Merch" section of its website to California residents and caused the product to be delivered to California. *See Herbal Brands,* 72 F.4th at 1095 ("we hold that Defendants expressly aimed their conduct at Arizona because they allegedly sold products to Arizona residents via an interactive website in their regular course of business and caused those products to be delivered to the forum."); *Leszcaynski v. Kitchen Cube LLC*, Case No.: 8-23-cv-01698-MEMF-ADS, 2024 WL 1829620, at *8 (C.D. Cal. Apr. 17, 2024) (purposeful availment met where the defendant used its website of conducting regular business of making product sales to California residents and caused the product to be delivered to the forum); *Shuffle Master, Inc. v. Kardwell Int'l, Inc.*, Case No. 2:12cv8271-SVW-RQ, 2013 WL 12126745, at *4 (C.D. Cal. Apr. 23, 2013) (expressly aimed factor met by operating a website where 1 percent of its overall revenue comes from online sales to California). These five sales were not "random, isolated, or fortuitous." *See Herbal Brands, Inc.*, 72 F.4th at 1094.

Defendant misunderstands the legal analysis required for personal jurisdiction by repeatedly arguing that no sales were made in this district. (Dkt. No. 9 at 7; Dkt. No. 13 at 2.) In an analysis of personal jurisdiction, the Court looks at whether the nonresident defendant has minimum contacts "within the territory of the forum", *see Int'l Shoe Co.*,

326 U.S. at 316, and must look "to the defendant's contacts with the forum State itself", *Walden*, 571 U.S. at 285. The absence of sales in this district is not the relevant question but whether the products were advertised in California and whether sales were made in California, the forum State. In this case, it is not disputed that Defendant operated an interactive website targeting California and sold the infringing products to addresses in California.

Further, Defendant contends that it only made five sales out of the total of twenty-two sales of the COWBOY PILLOW t-shirts which is only a miniscule amount and does not demonstrate it expressly aimed conduct at California. District courts have noted that "the critical inquiry in determining whether there was a purposeful availment of the forum state is the quality, not merely the quantity." *Stomp, Inc. v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1078 (C.D. Cal. 1999) (holding that a Connecticut corporation had purposefully availed itself of California's forums where the defendant maintained a website and had made two sales to California customers); *see also Vanity.com, Inc. v. Vanity Shop of Grand Forks, Inc*., No. C 12–02912 SI, 2012 WL 4755041, at *3 (N.D. Cal. Oct. 4, 2012) (finding personal jurisdiction where total online sales to customers in California were 0.02% of infringing defendant's total sales, noting that "while these sales may be small, it cannot be said they are not purposefully directed at California"); *Tech Heads, Inc. v. Desktop Service Center, Inc.*, 105 F. Supp. 2d 1142, 1150 (D. Or. July 11, 2000) (plaintiff "has presented evidence of a highly interactive Web site and one actual transaction involving an Oregon resident.") Here, Defendant has expressly aimed conduct at California by consummating the sale of five COWBOY PILLOWS t-shirts via an interactive website advertising and offering the infringing products for sale to California consumers.

The Court concludes Plaintiff has shown that Defendant has purposefully directed its activities at California.

/ / /

/ / /

## 2.      Claim Arises Out of or Relates to the Defendant's Forum-Related Activities

Defendant argues that this factor is not met because it has not sold any products to consumers in this district.  (Dkt. No. 9 at 8.)  Plaintiff responds that Defendant misunderstands forum to be limited to a district rather than the state of California.  (Dkt. No. 11 at 14.)

The second prong requires that the "claim arise out of or relate to the defendant's contacts with the forum."  As discussed above, Defendant's conduct must arise out of its conduct in California, and not specifically conduct in this district.  As such, the claim for trademark infringement arises out of Defendant's marketing and sale of infringing products to California.  *See Herbal Brands*, 72 F.4th at 1096 ("Plaintiff's claims – which allege harmed caused by Defendant's sale of products – clearly arise out of and relate to Defendants' conduct of selling those same products to [forum] residents.").

## 3.      Exercise of Jurisdiction Must be Reasonable

On the third prong for purposeful direction, the burden shifts to Defendant "to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *See Schwarzenegger*, 374 F.3d at 802.  The Court looks to the following seven factors to determine whether exercising personal jurisdiction over Defendants is reasonable.

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (*quoting CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004)).  Once a defendant has purposefully directed its activities at the forum, it must demonstrate a "compelling case" that

24cv1479-GPC(AHG)

jurisdiction would be unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

First, Defendant argues that it only made a miniscule number of sales with most occurring outside of California and none in this district. (Dkt. No. 9 at 9.) Plaintiff disagrees arguing that 23% of sales of the infringing products were made to California. (Dkt. No. 11 at 15.) On this first factor assessing the "extent of the defendants' purposeful interjection into the forum state's affairs", the Ninth Circuit has noted that when a defendant has purposefully directed its activities in this forum causing injury here, it has also injected itself into this forum. *See Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.,* 1 F.3d 848, 852 (9th Cir. 1993) (this first factor "parallels the question of minimum contacts" in determining the reasonableness of exercising specific jurisdiction); *Roth v. Garcia Marquez,* 942 F.2d 617, 623 (9th Cir. 1991) ("In light of the first prong of purposeful availment, analysis of this first factor [extent of purposeful interjection] would be redundant")). Because Plaintiff has shown that Defendant purposefully directed its activities at this forum, this factor favors Plaintiff.

On the second factor looking at the burden on the defendant of defending in this forum, Defendant argues that litigating in this forum would be highly burdensome claiming that it had to retain two law firms in California. Plaintiff responds that it would similarly be faced with the burden of litigation in Missouri. The second factor must be examined "in the light of the corresponding burden on the Plaintiff." *Sinatra v. Nat'l Enquirer, Inc*., 854 F.2d 1191, 1199 (9th Cir. 1988). Plaintiff's burden of litigating in Missouri is just as great as Defendant's burden of litigating in California. Thus, this factor is neutral.

Weighing the two factors raised by Defendant, the Court concludes that Defendant has failed to a demonstrate compelling case that jurisdiction over it would be unreasonable.[3]

## Conclusion

Based on the reasoning above, the Court DENIES Defendant's motion to dismiss for lack of personal jurisdiction.  The hearing set on November 22, 2024 shall be **vacated.**

IT IS SO ORDERED.

Dated:  November 19, 2024

Hon. Gonzalo P. Curiel
United States District Judge

---

[3] In reply, Defendant argues jurisdiction would be unreasonable as the remaining factors.  (Dkt. No. 13 at 6.)  However, a party may not raise new arguments in a reply.  *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").  Because Defendant raised the remaining factors in its reply, Plaintiff has not had an opportunity to address Defendant's new arguments.  Accordingly, the Court declines to consider Defendant's argument raised for the first time in the reply.

24cv1479-GPC(AHG)